IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

OTIS JACKSON, JR.,

    Plaintiff,

v.                                             Case 2:12-cv-02914-JPM-cgc

WMC MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
ARNOLD M. WEISS; WILSON &
ASSOCIATES, PLLC; AMERICA'S
SERVICING COMPANY; and,
WELLS FARGO HOME MORTGAGE;

    Defendants.

---

**REPORT AND RECOMMENDATION ON
WELLS FARGO AND MERS'S MOTION FOR SUMMARY JUDGMENT,
WILSON & ASSOCIATES, PLLC'S MOTION TO DISMISS, AND
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

---

      Before the Court are the following motions: Defendants Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., America's Servicing Company, a d/b/a of Wells Fargo Bank (collectively "Wells Fargo") and Mortgage Electronic Registration System's ("MERS") Motion for Summary Judgment (Docket Entry "D.E." #8); Defendant Wilson & Associates, PLLC's ("Wilson") Motion to Dismiss (D.E. #11); and Plaintiff's Motion for Leave to Amend Complaint (D.E. #16). The instant motions have been referred to the United States Magistrate Judge for Report and

Recommendation. (D.E. #27).[1] For the reasons set forth herein, it is recommended that Plaintiff's Motion for Leave to Amend be GRANTED, that Wells Fargo and MERS's Motion for Summary Judgment be DISMISSED AS MOOT, and that Wilson's Motion to Dismiss be DISMISSED AS MOOT.

**I. Background**

On October 19, 2012, Plaintiff filed a pro se "Complaint to Restrict and Prohibit Foreclosure and Sale, Violation of EFT Act 15 USC § 1693, Violation of the UCC, Violation of the Consumer Protection Act, Violation of the FDCPA and for Damages and Demand for Trial" ("Complaint") against the instant Defendants as well as "John Does 1-20."[2] Plaintiff's Complaint asserted claims of fraud and misrepresentation, wrongful foreclosure, slander of title, unlawful interference with possessory interest, conflict of interest, lack of standing to commence foreclosure action, as well as claims titled as "changing of the state of the negotiable instrument" and "federal reserve notes are not money by law." Plaintiff's Complaint additionally requests injunctive and declaratory relief. On December 18, 2012, Wells Fargo and MERS filed a Motion for Summary Judgment. On December 19, 2012, Wilson filed a Motion to Dismiss.

On February 11, 2013, Plaintiff filed the instant Motion for Leave to Amend Complaint, to

---

[1] Plaintiff's Cross Motion for Summary Judgment (D.E. #13) has been denied without prejudice by the District Court in its January 29, 2013 Order to Modify the Docket, Order to Issue and Effect Service of Process, Order Denying Plaintiff's Motion for Summary Judgment, and Order to Show Cause (D.E. #16) ("January 29, 2013 Order") for failure to comply with Federal Rule of Civil Procedure 56(c) and Local Rule 56.1(a).

[2] The District Court's January 29, 2013 Order advised Defendant that "[s]ervice of process cannot be made on a fictitious party" and that, "if Plaintiff seeks to sue any other individual or entity, he must identify the defendant and seek leave to amend his complaint within the applicable statute of limitations." (January 29, 2013 Order at n.2).

which he attached his proposed "Plaintiff's First Amended Complaint to Set Aside Wrongful Foreclosure and Violation of the Fair Debt Collection Practices Act (FDCPA)" (Proposed Amended Complaint) against the instant Defendants without the addition of "John Does 1-20." Plaintiff's Proposed Amended Complaint asserts claims of lack of standing to commence foreclosure action and violations of the Fair Debt Collection Reporting Act ("FDCPA"), 15 U.S.C. § 1692(d).

On February 25, 2013, MERS and Wells Fargo filed a Response in Opposition to Motion for Leave to Amend Complaint. (D.E. #25). MERS and Wells Fargo assert that Plaintiff's Motion for Leave to Amend Complaint should be denied for failure to consult in accordance with Local Rule 7.2(a)(1)(B), futility of the amendments, and bad faith. The remaining Defendants did not file responses to Plaintiff's Motion for Leave to Amend Complaint; however, as the Federal Rules of Civil Procedure appear to clearly resolve Plaintiff's motion, it is recommended that Plaintiff's motion be considered on the merits.

**II. Proposed Conclusions of Law**

The Court will begin by addressing Plaintiff's Motion for Leave to Amend Complaint, as it presents the threshold issue of determining the operative pleading in this case. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A). Amendments as a matter of course do not require leave of the court. Fed. R. Civ. P. 15(a)(2).

Plaintiff filed his Motion for Leave to Amend Complaint on February 11, 2013, and this was his first attempt to amend. Defendants were served with the Summons and Complaint on the following dates: Wells Fargo Home Mortgage on February 12, 2013; Wilson & Associates, PLLC on February 12, 2013; MERS on February 14, 2013; WMC Mortgage Corporation on February 19,

3

2013; and, Arnold Weiss on February 25, 2013. (D.E. #26).[3] Thus, Plaintiff's Motion for Leave to Amend Complaint was filed *before* any of the Defendants had been served, and, as such, Plaintiff is allowed to amend his Complaint pursuant to Rule 15(a)(1)(A) without leave of Court. Thus, it is recommended that Plaintiff's Motion for Leave to Amend Complaint (D.E. #19) be GRANTED. It is further recommended that, based upon Plaintiff's filing of an amended pleading, Wells Fargo and MERS's Motion for Summary Judgment (D.E. #8) and Wilson's Motion to Dismiss (D.E. #11) be DISMISSED AS MOOT.

**DATED** this 10th day of June, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[3] While America's Servicing Company is listed as a separate Defendant from Wells Fargo, it appears that America's Servicing Company has not been served separately from Wells Fargo. It is not clear whether any separate service is required; however, this issue is not relevant to the instant motion, as regardless of whether America's Servicing Company has yet to be served or does not need to separately be served, Plaintiff's Motion for Leave to Amend Complaint was irrefutably filed before twenty-one days passed after the date of service.