IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OTIS JACKSON JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-cv-02914-JPM-cgc |
| ) | |
| WCM MORTGAGE CORPORATION, et ) | |
| al., ) | |
|     Defendants. ) | |

**ORDER REJECTING THE REPORT AND RECOMMENDATION AND RECOMMITTING
THE MATTERS TO THE MAGISTRATE JUDGE**

Before the Court is the Magistrate Judge's "Report and Recommendation on Wells Fargo and MERS's Motion for Summary Judgment, Wilson & Associates, PLLC's Motion to Dismiss, and Plaintiff's Motion for Leave to Amend Complaint" (the "Report and Recommendation"), which was filed on June 10, 2013. (See ECF No. 28.) In the Report and Recommendation, the Magistrate Judge makes three recommendations:

> Plaintiff's Motion for Leave to Amend Complaint [(ECF No. 19)] was filed before any of the Defendants had been served, and, as such, Plaintiff is allowed to amend his Complaint pursuant to [Federal Rule of Civil Procedure] 15(a)(1)(A) without leave of Court. Thus, it is recommended that Plaintiff's Motion for Leave to Amend Complaint [(ECF No. 19)] be granted. It is further recommended that, based upon Plaintiff's filing of an amended pleading, [Wells Fargo Home Mortgage] and [Mortgage Electronic Registration Systems, Inc.'s] Motion for Summary Judgment [(ECF No. 8)] and [Wilson & Associates, PLLC's] Motion to Dismiss [(ECF No. 11)] be dismissed as moot.

(See id. at 4.)

On June 20, 2013, Defendant Wilson & Associates, PLLC, timely filed its Objections to Report and Recommendation (ECF No. 29). See Fed. R. Civ. P. 72(b)(2). Plaintiff did not file a response to those objections. See id.

The other Defendants did not file any objections to the Report and Recommendation.

For the reasons stated below, the recommendations in the Report and Recommendation (ECF No. 28) are rejected. The matters addressed in the Report and Recommendation (id.) are hereby recommitted to the Magistrate Judge with instructions to proceed in accordance with the findings in this Order.

I. BACKGROUND

This action involves a dispute over a foreclosure on a private residence. (See ECF No. 1 ¶ 1; ECF No. 8-1 at 2.)

On October 19, 2012, Otis Jackson Jr. ("Plaintiff" or "Jackson"), who is proceeding pro se, filed a Complaint in this Court to "prohibit[] Foreclosure sale and award damages." (See ECF No. 1 at 1.) In the Complaint, Jackson names as Defendants WCM Mortgage Corporation ("WCM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Arnold M. Weiss ("Weiss"), Wilson & Associates, PLLC ("Wilson"), America's Servicing Company ("ASC"), and John Does 1-20. (See id. ¶¶ 2-7.) Jackson also states that Wells Fargo Home Mortgage ("Wells Fargo") is a Defendant. (See id. ¶ 9.)

On October 19, 2012, Jackson also filed a Motion to proceed in forma pauperis (see ECF No. 2), which was granted on October 25, 2012 (see ECF No. 3).

Before the Court ordered the Clerk to serve the Complaint on Defendants, some Defendants filed responsive pleadings and dispositive motions. Wilson filed a Verified Denial and Answer on October 30, 2012 (see ECF No. 5), and a Motion to Dismiss on December 19, 2012 (see ECF No. 11). Wells Fargo, ASC, and MERS filed an Answer on November 9, 2012 (see ECF No. 6), and a Motion for Summary Judgment (the "Motion for Summary Judgment") on December 18, 2012 (see ECF No. 8).

On January 29, 2013, the Court ordered "the Clerk [to] issue process for Defendants and deliver that process to the marshal for service." (See ECF No. 16 at 2.) The Court further stated that Jackson had not timely responded to the Motion for Summary Judgment or Wilson's Motion to Dismiss and ordered Jackson to show cause as to why those Motions should not be granted. (See id. at 3.)

On February 11, 2013, Jackson made four filings in the Court. First, he filed a Motion for Leave to Amend Complaint "pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure." (See ECF No. 19 at 1.) Second, Jackson filed a Response to Wilson's Motion to Dismiss that states that "Plaintiff prays that this Honorable Court grants Defendant,

[Wilson's] Motion to Dismiss." (See ECF No. 20 at 2.)  Third, Jackson filed a Response to the Order to Show Cause, in which he requests that "Defendant's (Wilson) Motion to Dismiss be granted."  (See ECF No. 21 ¶ 2.)  Fourth, Jackson filed a Response in opposition to the Motion for Summary Judgment.  (See ECF No. 22.)

The following Defendants were then served with process by the United States Marshals Service:  Wilson on February 12, 2013 (ECF No. 26-2 at PageID 267);[1] Wells Fargo on February 12, 2013 (ECF No. 26-1 at PageID 263); MERS on February 14, 2013 (ECF No. 26-3 at PageID 271); WCM on February 19, 2013 (ECF No. 26-4 at Page ID 275); and Weiss on February 25, 2013 (ECF No. 26 at PageID 259).

## II. ANALYSIS

Pursuant to federal statute,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (2006); accord Fed. R. Civ. P. 72(b)(3).

---

[1] When documents are not consecutively paginated, the Court refers to the Page Identification ("PageID") number that is at the top right of documents filed on the Case Management/Electronic Case Files system.

4

Wilson makes two objections to the Report and Recommendation. Wilson first objects to the recommendation that Wilson's Motion to Dismiss (ECF No. 11) be dismissed as moot. (See ECF No. 29 at 3.) Wilson then objects to the recommendation that the proposed First Amended Complaint (ECF No. 19-1) be considered an amendment as a matter of course pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1)(A). (See ECF No. 29 at 3-5.)

The Court first addresses the Magistrate Judge's recommendation that Plaintiff's proposed First Amended Complaint (ECF No. 19-1) be considered an amendment as a matter of course. The Court then addresses the Magistrate Judge's remaining recommendations.

**A.  Plaintiff Should Not Be Allowed to Amend as a Matter of Course Pursuant to Rule 15(a)(1).**

The Magistrate Judge found that "Plaintiff's Motion for Leave to Amend Complaint was filed <u>before</u> any of the Defendants had been served, and, as such, Plaintiff is allowed to amend his Complaint pursuant to Rule 15(a)(1)(A) without leave of Court." (See ECF No. 28 at 4.) Based on this finding, the Magistrate Judge "recommend[s] that Plaintiff's Motion for Leave to Amend Complaint [(ECF No. 19)] be granted." (See id.)

Wilson objects to the Magistrate Judge's recommendation because it believes that Plaintiff was no longer allowed to amendment as a matter of course.

> [T]here is no question that [Wilson] filed both an answer as well as a motion to dismiss under Rule 12(b)(6). There is also no question that Plaintiff's Motion for Leave to Amend was not filed within 21 days of [Wilson's] motion to dismiss. Consequently, [Wilson] submits that Plaintiff's Motion for Leave to Amend should be viewed within the Court's discretion [pursuant to Rule 15(a)(2)], NOT as a matter of course [pursuant to Rule 15(a)(1)].

(ECF No. 29 at 5.)

Rule 15(a)(1) states that

> [a] party may amend its pleading once as a matter of course within:
>    (A)  21 days after serving it, or
>    (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

See Fed. R. Civ. P. 15(a)(1)(A)-(B).

The Magistrate Judge's recommendation would require the Court to find that Rule 15(a)(1)(B) applies only after a pleading has been served. Wilson served an Answer (ECF No. 5) and a Motion to Dismiss (ECF No. 11) more than twenty-one days before Plaintiff's Motion for Leave to Amend Complaint (ECF No. 19). Service of either of these documents could trigger Rule 15(a)(1)(B) because the Answer (ECF No. 5) is a responsive pleading and the Motion to Dismiss (ECF No. 11) is made pursuant

6

to Rule 12(b).  The Magistrate Judge concluded, however, that Plaintiff could amend as a matter of course because "Plaintiff's Motion for Leave to Amend Complaint was filed <u>before</u> any of the Defendants had been served."  (<u>See</u> ECF No. 28 at 4.) Accordingly, the Magistrate Judge's recommendation requires the Court to find that Rule 15(a)(1)(B) is not triggered when a party files a responsive pleading before being served.

    The time periods in Rule 15(a)(1)(B), however, limit the effect of Rule 15(a)(1)(A) and thus apply before service.  Prior to 2009, "[s]erving a responsive pleading terminated the right to amend."  <u>See</u> Fed. R. Civ. P. 15 advisory committee notes (2009 Amendments).  A responsive pleading thus limited the right to amend as a matter of course regardless of whether the pleading was served.  The 2009 Amendments to Rule 15(a)(1) altered, but did not eliminate, the effect of a responsive pleading:  "[T]he amended rule permits one amendment as a matter of course in response to a responsive pleading.  The right is subject to the same 21-day limit as the right to amend in response to a motion."  <u>See</u> <u>id.</u>  After a responsive pleading is served, the right to amend as a matter of course is now eliminated after twenty-one days instead of immediately. Accordingly, even if a defendant serves a responsive pleading before being served with the complaint, a plaintiff's time to amend will be determined by Rule 15(a)(1)(B).

7

Furthermore, the time periods in Rule 15(a)(1)(B) are not cumulative. "If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15 advisory committee notes (2009 Amendments). Accordingly, a plaintiff serving a responsive pleading before a motion to dismiss will have only twenty-one days after being served with the responsive pleading to amend as a matter of course.

An added complication in the instant case is that only some Defendants filed responsive pleadings. Prior to 2009, when a responsive pleading terminated the right to amend as a matter of course, if only some defendants filed a responsive pleading, "it generally was held that a 'responsive pleading' had not been served for purposes of Rule 15(a)(1) and plaintiff could amend the complaint as of course with regard to those defendants that had not answered."[2]  6 Charles Alan Wright et al., Federal Practice and Procedure § 1481 (3d ed. 2013); see, e.g., Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and

---

[2] At least one court has held that, "'where a claim asserted by a plaintiff is against a number of defendants jointly liable for their combined conduct or acts, that to such a claim, "a responsive pleading" is not served until all of the defendants have answered the claim, not just some of them.'"  6 Charles Alan Wright et al., Federal Practice and Procedure § 1481 (3d ed. 2013) (quoting Pallant v. Sinatra, 7 F.R.D. 293, 300 (S.D.N.Y. 1945)).  The Court does not consider this interpretation of "a responsive pleading" because the interpretation does not appear to have been adopted in the United States Court of Appeals for the Sixth Circuit or to have more than a very limited influence in other federal circuit courts.

not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."); Nat'l City Mortg. Co. v. Navarro, 220 F.R.D. 102, 104 (D.D.C. 2004) ("If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."). After the 2009 Amendments to Rule 15(a)(1), "if only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1481 (3d ed. 2013). Plaintiff may thus be able to amend as a matter of course regarding any Defendants that have not served a responsive pleading.

Even if the United States Court of Appeals for the Sixth Circuit had adopted this rule, however, Plaintiff seeks to amend his claims against Defendants that have already served an Answer. Plaintiff's proposed First Amended Complaint identifies "Defendants" as Wells Fargo, ASC, and MERS and presents amended claims against those parties.[3] (ECF No. 19-1 ¶¶ 10, 12.) Wells

---

[3] Although Plaintiff identifies WMC, Wilson, and Weiss as "Parties" (ECF No. 19-1 ¶¶ 2, 5-6), Plaintiff does not necessarily mean to bring claims against these parties. For example, in his Response to Wilson's Motion to Dismiss, Plaintiff indicates that he does not intend to bring a claim against Wilson in the proposed First Amended Complaint. (See ECF No. 20 at 1.)

Fargo, ASC, and MERS, however, served an Answer (ECF No. 6) more than twenty-one days before Plaintiff filed his Motion for Leave to Amend Complaint (ECF No. 19). Accordingly, Plaintiff should not be able to amend his Complaint (ECF No. 1) as a matter of course.

In the instant case, therefore, Plaintiff may not amend his Complaint (ECF No. 1) as a matter of course pursuant to Rule 15(a)(1). Plaintiff's right to amend his Complaint (id.) as a matter of course regarding Wilson terminated twenty-one days after Wilson served its Answer (ECF No. 5). Because Plaintiff served his Motion for Leave to Amend Complaint (ECF No. 19) more than twenty-one days after Wilson filed its Answer (ECF No. 5), Plaintiff does not have the right to amend as a matter of course regarding Wilson. Furthermore, even if Plaintiff were able to amend as matter of course regarding any Defendants that had not filed a responsive pleading, Plaintiff's proposed First Amended Complaint (ECF No. 19-1) would affect Defendants that served an Answer (ECF No. 6) more than twenty-one days before Plaintiff served his Motion for Leave to Amend Complaint (ECF No. 19).

Accordingly, the Court finds that Plaintiff's Motion for Leave to Amend Complaint (id.) may be granted only pursuant to Rule 15(a)(2). See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC, 700 F.3d 829, 844 (6th Cir. 2012) (indicating that a court may act pursuant to Rule 15(a)(2) "if

the plaintiff does not take advantage of opportunities to amend the complaint as of right").

The Magistrate Judge's recommendation that Plaintiff be allowed to amend as a matter of course is rejected.

**B.     The Remaining Recommendations Are Rejected.**

The Magistrate Judge's recommendations regarding the Motion for Summary Judgment (ECF No. 8) and Wilson's Motion to Dismiss (ECF No. 11) depend on Plaintiff being able to amend as a matter of course:  "It is further recommended that, based upon Plaintiff's filing of an amended pleading, Wells Fargo and MERS's Motion for Summary Judgment [(ECF No. 8)] and Wilson's Motion to Dismiss [(ECF No. 11)] be dismissed as moot."  (See ECF No. 28 at 4.)

The Court, however, finds that Plaintiff is not entitled to amend his Complaint (ECF No. 1) as a matter of right.  See supra Part II.A.  Accordingly, the Magistrate Judge's recommendations regarding the Motion for Summary Judgment (ECF No. 8) and Wilson's Motion to Dismiss (ECF No. 11) are rejected.

**III. CONCLUSION**

For the reasons stated above, the recommendations in the Report and Recommendation (ECF No. 28) are REJECTED.  The matters addressed in the Report and Recommendation (id.) are hereby RECOMMITTED to the Magistrate Judge with instructions to proceed in accordance with the findings in this Order.

**IT IS SO ORDERED,** this 31st day of July, 2013.

/s/ Jon P. McCalla  
JON P. McCALLA  
CHIEF U.S. DISTRICT JUDGE