IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

OTIS JACKSON, JR.,

    Plaintiff,

v.                                        Case 2:12-cv-02914-JPM-cgc

WMC MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
ARNOLD M. WEISS; WILSON &
ASSOCIATES, PLLC; AMERICA'S
SERVICING COMPANY; and,
WELLS FARGO HOME MORTGAGE;

    Defendants.

**REPORT AND RECOMMENDATION ON WILSON & ASSOCIATES, PLLC'S MOTION TO DISMISS**

Before the Court is Defendant Wilson & Associates, PLLC's ("Wilson") Motion to Dismiss (D.E. #11). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #27). On June 10, 2013, the Magistrate Judge entered a Report and Recommendation on the referred motions. On July 31, 2013, the District Court entered an Order Rejecting the Report and Recommendation and recommitted the matters addressed therein to the Magistrate Judge with instructions to proceed in accordance with the findings in that Order. For the reasons set forth herein, it is recommended that Wilson's Motion to Dismiss be GRANTED.

**I. Background**

On October 19, 2012, Plaintiff filed a pro se "Complaint to Restrict and Prohibit Foreclosure

1

and Sale, Violation of EFT Act 15 U.S.C. § 1693, Violation of the UCC, Violation of the Consumer Protection Act, Violation of the FDCPA and for Damages and Demand for Trial" ("Complaint"). Plaintiff's Complaint asserted claims of fraud and misrepresentation, wrongful foreclosure, slander of title, unlawful interference with possessory interest, conflict of interest, lack of standing to commence foreclosure action, and claims titled "changing of the state of the negotiable instrument" and "federal reserve notes are not money by law." Plaintiff's Complaint additionally requests injunctive and declaratory relief.

On December 19, 2012, Wilson filed a Motion to Dismiss pursuant to Tennessee Code Annotated Section 35-5-116 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 11, 2013, Plaintiff responded to Wilson's Motion to Dismiss stating that it "should be granted as they are not a necessary party to this action pursuant to Tennessee Code Annotated [Section] 39-5-116(a) which named them solely in their capacity as trustee under the deed of trust." (Pl.'s Resp. at 1).

## II. Proposed Conclusions of Law

### A. *Tennessee Code Annotated Section 35-5-116*

Tennessee Code Annotated Section 35-5-116 provides that "[a]ny trustee named in a suit or proceeding, as related to a sale of real property under a trust deed or mortgage, may plead in the answer that the trustee is not a necessary party by a verified denial, stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument." Tenn. Code Ann. § 35-5-116(a). "Within thirty (30) days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's

2

verified denial." Tenn. Code Ann. § 35-5-116(b). "If a party has no objection or fails to file a timely response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice." Tenn. Code Ann. § 35-5-116(c); *see also Sonya M. Mull v. Available Mortgage Funding, LLC*, No. 2:11-cv-2338-STA-dkv, 2012 WL 1022966, at *2 (W.D.Tenn. Mar. 26, 2012).

Plaintiff's Complaint alleged that Wilson "is/was Substitute Trustee." (Compl. ¶ 4). On October 30, 2012, Wilson filed a Verified Denial and Answer pursuant to Tennessee Code Annotated Section 35-5-116(a) stating that it was named solely in its capacity as trustee under the relevant deed of trust, that it is not a necessary party to this action, that there are no allegations outside of its role as trustee, that it relied in good faith on information provided to it by the borrower, secured party, or their respective attorney, agent or representative and took no action outside of such reliance, and that it should be dismissed from this matter. (Verified Denial ¶¶ 1-4). Plaintiff did not file a verified response within thirty days as required by Tennessee Code Annotated Section 35-5-115(b). Instead, Plaintiff's Response to Wilson's Motion to Dismiss concedes that Wilson should be dismissed from the action because it was named solely as a trustee and is not a necessary party. (Pl.'s Resp. to Wilson's Mot. to Dismiss at 1-2). Accordingly, as Plaintiff did not file a verified denial as required by statute and as Plaintiff concedes that Wilson must be dismissed without prejudice pursuant to the Tennessee Code Annotated Section 35-5-116, it is recommended that Wilson's Motion to Dismiss be GRANTED.

### B. *Rule 12(b)(6)*

Additionally, Wilson asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Wilson requests

that the Court consider this additional basis for granting its motion to obtain a dismissal with prejudice.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A dismissal pursuant to Rule 12(b)(6) is a judgment on the merits and is therefore with prejudice. *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (citing *Federated Dep't Stores, Inc. v. Moltie*, 452 U.S. 394, 399 n.3 (1981)). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

4

556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Upon review, Plaintiff has conceded that his Complaint fails to state a claim upon which relief may be granted as to Wilson because he named it solely in its capacity as trustee. (Pl.'s Resp. at 1). Tennessee Code Annotated Section 35-5-116(f) states that a "trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the borrower or secured party or their respective attorney, agent, or representative or other third party." Tenn. Code Ann. § 35-5-116(f); *see also Beal Bank, SSB v. Prince*, No. M2011-02744-COA-R3-CV, 2013 WL 411452, at *3 (Tenn. Ct. App. Jan. 31, 2013) (stating that "there is no liability for a trustee acting in good faith in reliance upon information provided by the borrower or secured party"). Wilson's Verified Denial states that it "relied in good faith on information provided to it by the borrower, secured party, or their respective attorney, agent, or representative and took no action outside of such reliance." (Verified Denial ¶ 3). Plaintiff has not responded to the Verified Denial and has conceded that the Complaint as to Wilson should be dismissed, and Plaintiff has not disputed that the dismissal be with prejudice. Finally, Plaintiff's Complaint does not contain any direct allegations against Wilson but only makes general allegations against the "Foreclosing Defendants" and states that it seeks injunctive relief against them, including Wilson. Such bare allegations are insufficient to state any claim upon which relief may be granted as to Wilson.[1]

---

[1] Plaintiff's Motion for Leave to Amend Complaint (D.E. #19), which includes Plaintiff's Proposed "First Amended Complaint to Set Aside Wrongful Foreclosure and Violation of the Fair Debt Collection Practices Act" ("Proposed Amended Complaint") and is currently pending, likewise does not include any mention of Wilson other than to provide information on its agent for service of process. Thus, the resolution of the Motion for Leave to

Accordingly, it is recommended that Plaintiff's Complaint as to Wilson be dismissed with prejudice.

### III. Conclusion

For the reasons set forth herein, it is recommended that Wilson's Motion to Dismiss be GRANTED and that Plaintiff's Complaint as to Wilson be dismissed with prejudice.

**DATED** this 12th day of August, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

Amend Complaint would not affect the resolution of the instant motion, as Plaintiff had already conceded in his Response to Wilson's Motion to Dismiss that Wilson should be dismissed.