**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

OTIS JACKSON, JR.,

        **Plaintiff,**

v.                              **Case 2:12-cv-02914-JPM-cgc**

WMC MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
ARNOLD M. WEISS; WILSON &
ASSOCIATES, PLLC; AMERICA'S
SERVICING COMPANY; and,
WELLS FARGO HOME MORTGAGE;

        **Defendants.**

---

**REPORT AND RECOMMENDATION ON
WELLS FARGO AND MERS' MOTION FOR SUMMARY JUDGMENT,
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND
SUPPLEMENTAL COMPLAINT**

---

Before the Court are the following motions: Defendants Wells Fargo Home Mortgage, a

division of Wells Fargo Bank, N.A., America's Servicing Company, a d/b/a of Wells Fargo Bank

( "Wells Fargo") and Mortgage Electronic Registration System's ("MERS") Motion for Summary

Judgment (Docket Entry "D.E." #8); Plaintiff's Motion for Leave to Amend Complaint (D.E. #16);

and Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint

(D.E. #34).  The instant motions were referred to the United States Magistrate Judge for Report and

Recommendation.  (D.E. #27).  On June 10, 2013, the Magistrate Judge entered a Report and

Recommendation on the referred motions.  (D.E. #28).  On July 31, 2013, the District Court entered

an Order Rejecting the Report and Recommendation and recommitted the matters addressed therein to the Magistrate Judge with instructions to proceed in accordance with the findings in that Order. (D.E. #32).

## I. Background

On October 19, 2012, Plaintiff filed a pro se "Complaint to Restrict and Prohibit Foreclosure and Sale, Violation of EFT Act 15 USC § 1693, Violation of the UCC, Violation of the Consumer Protection Act, Violation of the FDCPA and for Damages and Demand for Trial" ("Complaint") against the instant Defendants as well as "John Does 1-20."[1] Plaintiff's Complaint asserted claims of fraud and misrepresentation, wrongful foreclosure, slander of title, "unlawful interference with possessory interest," "conflict of interest," "lack of standing to commence foreclosure action," as well as claims titled "changing of the state of the negotiable instrument" and "federal reserve notes are not money by law." Plaintiff's Complaint requests injunctive and declaratory relief.

On December 18, 2012, Wells Fargo and MERS filed a Motion for Summary Judgment (D.E. #8), a Statement of Undisputed Material Facts (D.E. #9), and additional exhibits thereto (D.E. #10). Following the District Court's January 29, 2013 Order to Show Cause requiring Plaintiff to respond to Wells Fargo and MERS' Motion for Summary Judgment within fourteen days, Plaintiff filed a Response to Wells Fargo and MERS' Motion for Summary Judgment on February 11, 2013. (D.E. #22).[2] However, Local Rule 56.1 requires that "[a]ny party opposing the motion for summary

---

[1] The District Court's January 29, 2013 Order advised Defendant that "[s]ervice of process cannot be made on a fictitious party" and that, "if Plaintiff seeks to sue any other individual or entity, he must identify the defendant and seek leave to amend his complaint within the applicable statute of limitations." (January 29, 2013 Order at n.2).

[2] Plaintiff additionally filed a document entitled, "Plaintiff's Response to Court's Show Cause Order of January 29, 2013" (D.E. #22) in which he stated that he mistakenly believed that

judgment must respond to each fact set forth by the movant by either" agreeing that the fact is undisputed, agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only, or demonstrating that the fact is disputed. Local Rule 56.1 further provides specific instructions on the required format for a non-moving party's response to the movant's facts.[3] Plaintiff did not respond to Wells Fargo and MERS Statement of Undisputed Material Facts as required by the Local Rules.[4] Plaintiff also did not include a "concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried," as the Local Rules permit him to do.

On February 11, 2013, Plaintiff filed a Motion for Leave to Amend Complaint, to which he attached his proposed "Plaintiff's First Amended Complaint to Set Aside Wrongful Foreclosure and Violation of the Fair Debt Collection Practices Act (FDCPA)" (Proposed Amended Complaint) against the instant Defendants without the addition of "John Does 1-20." Plaintiff's Proposed Amended Complaint asserts claims of lack of standing to commence foreclosure action and violations of the Fair Debt Collection Reporting Act ("FDCPA"), 15 U.S.C. § 1692d. On February 25, 2013, MERS and Wells Fargo filed a Response in Opposition to Motion for Leave to Amend

his Cross-Motion for Summary Judgment as to Wells Fargo and MERS' Motion for Summary Judgment, filed on January 14, 2013 (D.E. #13), was a proper response.

[3] Plaintiff was advised by the District Court in its January 29, 2013 Order that a free copy of the Local Rules may be obtained from the Clerk or is available on the Court's website.

[4] Plaintiff included as an exhibit to his Response a copy of the Deed of Trust, which was already an exhibit to Wells Fargo and MERS' Motion for Summary Judgment. Plaintiff further included as an exhibit a document that appears to be printed from the website of the California Secretary of State entitled "Business Entity Detail" for the entity "WMC-GEMB MORTGAGE CORP." As Plaintiff did not comply with Local Rule 56.1's procedure for disputing the movants' facts, and as Plaintiff does not even reference this document in his Response, it is entirely unclear to the Court which of the movants' facts Plaintiff intends to dispute with this document.

Complaint. (D.E. #25). MERS and Wells Fargo assert that Plaintiff's Motion for Leave to Amend Complaint should be denied for failure to consult in accordance with Local Rule 7.2(a)(1)(B), futility of the amendments, and bad faith. The remaining Defendants did not file responses to Plaintiff's Motion for Leave to Amend Complaint.[5]

On August 14, 2013, Plaintiff filed a Motion for Leave to File Second Amended Complaint and Supplemental Complaint (D.E. #34), to which he attached his proposed Second Amended Complaint ("Proposed Second Amended Complaint"). Plaintiff's Proposed Second Amended Complaint seeks to bring ten claims for negligence, "wantonness," unjust enrichment, wrongful foreclosure, slander of title, breach of contract, fraud, "negligent and/or wanton hiring, supervision, and/or training," "intentional and/or malicious conduct," and "invasion of privacy by intrusion upon seclusion." Despite the title of Plaintiff's motion, it only briefly mentions a Supplemental Complaint; Plaintiff neither attaches a proposed Supplemental Complaint thereto nor sets forth what claims he seeks to bring in his proposed Supplemental Complaint other than he wishes to "add facts that came in existence after the filing of the original Complaint."

## II. Proposed Findings of Fact

On September 7, 2005, Janie Jackson and Otis Terrell Jackson, Jr. ("Plaintiff") executed a Note for $459,000 for property located at 1092 Center Ridge Road, Collierville, Tennessee, 38017. (Affidavit of Amanda Weatherly ("Weatherly Aff.") ¶ 3 & Exh. 1 ("Note"), filed at D.E. #10). On the same date, the Jacksons executed a Deed of Trust in order to secure financing, which was

---

[5] Plaintiff's Complaint against Wilson & Associates, PLLC has been dismissed with prejudice. (D.E. #36). Summons was returned executed as to "Weiss Spicer Cash PLLC, Attn: Arnold M. Weiss" on March 1, 2013; however, no appearance has been made and no documents have been filed in this case on his behalf.

4

recorded in the Shelby County Register on September 22, 2005. (Weatherly Aff. ¶ 3 & Exh. 2 ("Deed of Trust")). Wells Fargo has serviced the Jackson's mortgage since 2005. (Weatherly Aff. ¶ 7).

The Note states that the "Lender is WMC MORTGAGE CORP." ("WMC") (Weatherly Aff. ¶ 4; Note at 1); however, the Note further states as follows: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Weatherly Aff. ¶ 4; Note at 1). The Note was later endorsed in blank by WMC. (Weatherly Aff. ¶ 5; Note at 5). Citibank has possession of the Note and holds the Note for US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-WMC1, Asset Backed Pass-Through Certificates, Series 2006-WMC1. (Weatherly Aff. ¶ 5).

The Deed of Trust states that WMC is the lender but that the beneficiary under this Security Instrument is MERS, a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. (Deed of Trust at 2-3). The Deed of Trust further states as follows: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and applicable law." (Deed of Trust ¶ 20). The Deed of Trust provides that "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purposes of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees."

(Deed of Trust ¶ 14).  The Deed of Trust also provides for the remedy of foreclosure.  (Deed of Trust ¶ 22).

On December 14, 2011, MERS, as nominee for WMC, its successors and assigns, assigned the Deed of Trust to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-WMC1, Asset-Backed Pass-Through Certificates, Series 2006-WMC1.  (Weatherly Aff. ¶ 6 & Exh. 3 ("Corporate Assignment of Deed of Trust") at 1).  The Corporate Assignment of Deed of Trust was recorded in the Shelby County Register on December 16, 2011.  (Corporate Assignment of Deed of Trust at 4).

The Jacksons defaulted on their mortgage and are due for their June 2011 payment.  (Weatherly Aff. ¶ 8).  On September 11, 2012, Wells Fargo received what appeared to be a check to satisfy the principal mortgage balance.  (Weatherly Aff. ¶ 9 & Exh. 4 ("Notary Certificate and Check/EFT")).  The check was written from the account of "Terry Wayne Green," whose address was listed as 384 E. Goodman Road, Suite #229, Southaven, MS, 38671, and made payable to "American Servicing Company" in the amount of $459,639.00.  (Weatherly Aff. ¶ 10; Notary Certificate and Check/EFT at 1).  The back of the check, however, had already been endorsed by the maker, "Terry W. Green," on September 5, 2012 with the notations "Without Recourse" and "Authorized Representative."  (Weatherly Aff. ¶ 10; Notary Certificate and Check/EFT at 1).  The back of the check also had the instructions, "NOT FOR DEPOSIT EFT ONLY."  (Weatherly Aff. ¶ 10; Notary Certificate and Check/EFT at 1).  Wells Fargo rejected the check "as being non-legal tender because, among other reasons, the check had already been endorsed by the maker and the check contained a restriction that it was not for deposit."  (Weatherly Aff. ¶ 12).

Wells Fargo and MERS performed an Internet search for "Terry Wayne Green," which

brought up two legal notices in spring 2012 in a Memphis newspaper, the *Tri-State Defender*. (Def.'s Statement of Undisputed Material Facts, Exh. A ("Legal Notices")). The first states that "Public Notice is hereby given that Terry Wayne Green a/k/a Terry Green has corrected his name to Clinton Levi Ali Effective 3/21/2012." (Legal Notices at 2). The second states as follows: "EXECUTOR'S NOTICE Estate of TERRY WAYNE GREEN, late of Memphis City, County of Shelby, and State of Tennessee, deceased. Letters of testamentary of said estate having been granted to the undersigned, all persons firms and corporations having claims against said estate to present them to the undersigned on or before the 21st day of April, 2012 for settlement and closure to: Office of Executory: Clinton-Levi: Ali c/o 384 E. GOODMAN ROAD Apt. #229, Southaven [zip code exempt] MISSISSIPPI STATE." (Legal Notices at 2).

Wells Fargo and MERS additionally discovered that at least two other recent cases have been filed in this Court where *pro se* plaintiff borrowers have attempted to satisfy various debt obligations in the same manner—namely, a check drawn on the account of "Terry Wayne Green" and endorsed by "Terry W. Green" with the notation "NOT FOR DEPOSIT EFT ONLY." (Def.'s Statement of Undisputed Material Facts, Exh. B); *see Robert Buckingham v. Ally Financial*, 2:12-cv-SHM-tmp, 2013 WL 3864820 (W.D. Tenn. July 24, 2013); *Bernard Coleman v. Ocwen Loan Servicing LLC*, 2:12-cv-03045-JDT-cgc (W.D. Tenn. filed December 5, 2012). On September 25, 2012, Wells Fargo notified the Jacksons that their mortgage had been sent to foreclosure counsel to proceed with foreclosure. (Weatherly Aff. ¶ 13).

### III. Proposed Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

## IV. Proposed Conclusions of Law

### A. Plaintiff's Motion for Leave to Amend Complaint (D.E. #19) and Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint (D.E. #34)

At the outset, the Court will consider Plaintiff's Motion for Leave to Amend Complaint (D.E. #19) and Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint (D.E. #34), as they present the threshold issue of determining the operative pleading in this case. The District Court concluded in its July 31, 2013 Order that Plaintiff may not amend his Complaint as of right pursuant to Rule 15(a)(1). The District Court advised upon recommitting the motion to the Magistrate Judge that Plaintiff may only be permitted leave to amend pursuant to Rule 15(a)(2).

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, amendments should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) Motion to Dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

To assess whether a proposed amendment is futile, Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests."

*Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

As an initial matter, Plaintiff's Motion for Leave to Amend does not include certificate of

consultation demonstrating that he consulted with opposing counsel before filing the motion. Local Rule 7.2(a)(1)(B) requires as follows:

> All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

Local Rule 7.2(a)(1)(B). Accordingly, Plaintiff's failure to consult with opposing counsel provides good grounds to deny his motion.

Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint states as follows with regard to consultation: "Pursuant to Local Rule of the Western District of Tennessee, the undersigned hereby certifies that he conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised . . . , but that he was unsuccessful in reaching agreement. (See Exhibit A). Having asked for Defendants' consent to amend his First Amended Complaint and Supplemental Complaint, and having been refused, Plaintiff now moves to file both a Second Amended Complaint to clarify the facts germane thereto and a Supplemental Complaint to add facts that came in existence after the filing of the original Complaint in this cause." There is no Exhibit A to Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint.

In response to Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint, Wells Fargo and MERS assert that Plaintiff never conferred with undersigned counsel for Defendants with regard to this motion or his previous Motion for Leave to Amend Complaint. Wells Fargo and MERS further attached as an Exhibit 1 to their Response the Declaration of Counsel for Defendants Wells Fargo and MERS, Bradley E. Trammel, which states

as follows: "At no time has Mr. Jackson contacted or conferred with me or Kavita Shelat, also counsel for Defendants, with regard to his Motion for Leave or with regard to the Second Amended Complaint/Supplemental Complaint. Further, because Mr. Jackson never consulted with me and never consulted with Ms. Shelat, we never refused any request of Mr. Jackson." Wells Fargo and MERS also assert that they have raised the issue of Plaintiff's failure to consult previously, including in connection with his Motion for Leave to Amend, but that he continues to fail to consult. Accordingly, Plaintiff's failure to consult as to his Motion for Leave to File Second Amended Complaint and Supplemental Complaint, along with the representations that he has made to the Court that are inconsistent with the declarations of opposing counsel, provide good grounds to grant this motion as well.

Upon review of the merits of Plaintiff's Motion for Leave to Amend Complaint, including the substance of the Proposed Amended Complaint, it states that it seeks to assert claims of wrongful foreclosure against Wells Fargo and MERS and FDCPA violations against "Defendants."

As to Plaintiff's proposed claim for wrongful foreclosure, this Court has held that, "[w]hile there are not specific elements for wrongful foreclosure, Tennessee courts generally examine whether contractual or statutory requirements were met in the foreclosure of the property in question." *Mary Ringold v. Bank of America Home Loans*, No. 2:12-cv-02344-JPM-dkv, 2013 WL 145929, at *6 (W.D. Tenn. Apr. 9, 2013) (citing *Hutchens v. Bank of Am., N.A.*, No. 3:11-CV-624, 2012 WL 1618316, at *9-10 (E.D.Tenn. May 9, 2012); *Lee v. EquiFirst Corp.*, No. 3:10-cv-809, 2010 WL 4320714, at *10 (M.D.Tenn. Oct. 26, 2010)). Plaintiff's Proposed Amended Complaint, however, only conclusorily states that he seeks to bring this claim, (Prop. Am. Compl. ¶ 16), and that "Defendants have produced no evidence through recorded documents from the Shelby County

Register establishing a clear chain of title from Plaintiff's lender (WMC Mortgage Corp.) to either of them as proof of ownership with the right to initiate foreclosure proceedings against him," (Prop. Am. Compl. ¶ 20). Plaintiff's Proposed Amended Complaint, however, fails to allege any statutory or contractual requirements that were not met in pursuing foreclosure. Absent such allegations, Plaintiff's claim for wrongful foreclosure fails to provide both "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2) and "a claim to relief that is plausible on its face" as required by *Twombly* and *Iqbal*. Accordingly, it is recommended that Plaintiff's proposed claim for wrongful foreclosure could not survive a Rule 12(b)(6) motion, that the proposed amendment is futile, and that the proposed amendment should be DENIED.

As to Plaintiff's proposed claim for violation of the FDCPA, Plaintiff states as follows: "Defendants' conduct prior to the wrongful sale of his property (1-11-13) through threatening telephone calls . . . and letters under 15 U.S.C. § 1692d makes them 'debt collectors' and as such their conduct was in direct violation of the FDCPA." (Prop. Am. Compl. ¶ 21). Section 1692d provides as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> >
> > (2) The use of obscene or profane language the natural consequences of which is to abuse the hearer or reader.
> >
> > (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> >
> > (4) The advertisement for sale of any debt to coerce payment of the

debt.

(5) Causing a telephone to ring or engaging a person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

A "debt collector" is defined in 15 U.S.C. Section 1692a(6) and does not include "any officer or employee of a creditor while, in the name of the creditor, [is] collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Otherwise stated, the term "'debt collector' does not include a creditor attempting to collect its own debts. Instead, the FDCPA applies only to those 'collecting the debts of another.'" *Martin Famatiga v. Mortgage Electronic Registration Systems, Inc. (MERS)*, No. 10-10937, 2011 WL 3320480, at *9 (E.D.Mich. Aug. 2, 2011) (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003)).

Plaintiff's Proposed Amended Complaint does not specify which particular Defendants are alleged to have made threatening phone calls or sent threatening letters, nor does it provide any information about these allegedly threatening communications. Such "[t]hreadbare recitals . . . supported by mere conclusory statements" against unspecified Defendants are insufficient under *Twombly* and *Iqbal*. Further, Plaintiff fails to allege who he contends made these threatening phone calls or sent these threatening letters, which is necessary to plead that they were made by a "debt collector" as defined by the FDCPA. *See*, e.g., *Steven Robbins v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-295, 2009 WL 3757443, at *5 (W.D.Mich. Nov. 9, 2009) (concluding that plaintiff failed to state an FDCPA claim by failing to allege that the defendant was a "debt collector" under 15 U.S.C. § 1692a and by failing to allege that the defendant engaged in any

15

activities that define a debt collector).

This Court and others within the Sixth Circuit have also expressly determined that MERS, by its very nature as a nominee trust, is not a debt collector under Section 1692a(6). *See Finley v. Kondaur Capital Corp.*, 909 F. Supp. 2d 969, 981 (W.D. Tenn. 2012); *Gerald Geter v. Mortgage Electronic Registration Systems, Inc.*, No. 10-12750, 2011 WL 589414, at *3 (E.D.Mich. Feb. 10, 2011); *Robbins* 2009 WL 3757443 at *5.

Accordingly, it is recommended that Plaintiff's proposed claim for violations of the FDCPA could not survive a Rule 12(b)(6) motion, that the proposed amendment is futile, and that the proposed amendment should be DENIED. Thus, as it is recommended that both Plaintiff's proposed claims for wrongful foreclosure and violations of the FDCPA are futile, and as Plaintiff failed to consult with opposing counsel on his motion, it is recommended that Plaintiff's Motion for Leave to Amend be DENIED.

Upon review of Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint, it was filed on August 14, 2013. The Scheduling Order in the instant case established the deadline for motions to amend pleadings as May 20, 2013. Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Plaintiff has neither made a motion nor provided any explanation for his failure to act within the Court's deadline. Accordingly, based upon Plaintiff's failure to consult with opposing counsel and based upon Plaintiff's failure to comply with the Court's Scheduling Order, it is recommended that Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint be

DENIED.

### B. Wells Fargo and MERS' Motion for Summary Judgment[6]

#### I. Electronic Funds Transfer Act

Plaintiff asserts that Wells Fargo's[7] "refusal to credit Plaintiff's account is a violation of the EFT Act. The lawful EFT instrument directed to and received by [Wells Fargo], on September 5, 2012 was lawfully and properly prepared and directed, so as to set-off and discharge the debts associated with this specific account. Because the original untouched instrument, EFT's, was not returned to Plaintiff within the time limits and manner required for such instruments, this instrument has been lawfully accepted and/or transacted." (Compl. ¶ 44).

The Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, creates a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems" and safeguards "individual consumer rights." 15 U.S.C. § 1693. Civil liability is prescribed under the EFTA under 15 U.S.C. § 1693m. An "electronic fund transfer" is defined as "any transfer of funds, *other than a transaction originated by a check, draft, or similar paper instrument*, which is initiated through an electronic terminal, telephonic instrument, or

---

[6] Based upon the Magistrate Judge's recommendation that both Plaintiff's Motion for Leave to Amend Complaint and Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint be denied, the Magistrate Judge will consider Plaintiff's Complaint to be the operative pleading in the instant case and will continue to consider Wells Fargo and MERS' Motion for Summary Judgment consistent with the District Court's Order recommitting these motions.

[7] Plaintiff states that these allegations are against Defendant "American Servicing"; however, the instant Motion for Summary Judgment sets forth that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., America's Servicing Company, a d/b/a of Wells Fargo Bank, N.A. and states that these entities are collectively "Wells Fargo." (Mot. for Summ. J. at 1). The Court will also refer to any additional allegations against "American Servicing" as against Wells Fargo.

computer or magnetic tape . . ." 15 U.S.C. § 1693a(7) (emphasis added). One required element of a EFTA claim is that there was an unauthorized electronic fund transfer as defined by the Act. *See*, *e.g.*, *Jackie Bodley v. William Edmund Clark*, No. 11 Civ. 8955 (KBF), 2012 WL 30421775, at *4 (S.D.N.Y. July 23, 2012) (quoting *Fisher & Mandell, LLC v. Citibank, N.A.*, No. 09 Civ. 1160 (RJS), 2009 WL 1767621, at *3 (S.D.N.Y. June 22, 2009)). "Check and wire transfers are explicitly excluded from EFTA's definition of 'electronic fund transfers.'" *Id.*

Upon review, Plaintiff's Complaint alleged that the violation of the EFTA was based upon Wells Fargo's failure to accept his paper instrument that is a check marked as an "EFT." The evidence before the Court is that it is undisputed that Plaintiff attempted to satisfy his debt by a paper instrument, as described above. Such transfers are not governed by the EFTA. Accordingly, it is recommended that there is no genuine issue of material fact as to Plaintiff's EFTA claim and that Wells Fargo and MERS' Motion for Summary Judgment as to Plaintiff's EFTA claim be GRANTED.

### ii. Fraud and Misrepresentation

Next, Plaintiff asserts that the "Foreclosing Defendants"[8] committed fraud and misrepresentation. (Compl. ¶¶ 32-37). Specifically, Plaintiff alleges that the "Foreclosing Defendants . . . concealed material facts known to them but not to Plaintiff regarding sales and assignments of the Note, transfers of the Note, and charges with intent to defraud Plaintiff." (Compl. ¶ 32). Plaintiff alleges that they "made false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiff's reliance thereon, which the

---

[8] Plaintiff's Complaint states that it refers to all named Defendants collectively as the "Foreclosing Defendants." Accordingly, the Court will consider that the claims of fraud and misrepresentation were brought against all Defendants, including Wells Fargo and MERS.

unsuspecting Plaintiff justifiably relied upon, resulting in general and special damages as well as mental distress." (Compl. ¶ 33). Plaintiff alleges that the fraudulent conduct resulted in him being "unaware of the true facts," which, if he had known such information, he "would not have maintained the Foreclosing Defendants as [his] lender, servicer and trustee . . . and/or would have taken legal action immediately to save his home." (Compl. ¶ 34).

Under Tennessee law, claims for both fraud and misrepresentation are generally governed by a three-year statute of limitations as set forth in Tennessee Code Annotated Section 28-3-105. *Fortune v. Unum Life Ins. Co. of America*, 360 S.W.3d 390, 401 (Tenn. Ct. App. 2010). However, actions that allege personal injury including "mental anguish" are governed by a one-year statute of limitations as set forth in Tennessee Code Annotated Section 28-3-104 "regardless of the nature of the wrong which produced the injury." *Whitsey v. Williamson County Bank*, 700 S.W.2d 562, 564-65 (Tenn. Ct. App. 1985) (citing *Pera v. The Kroger Co.*, 674 S.W.2d 715, 719-720 (1984)). Plaintiff has alleged that he suffered both "general and special damages" and "mental distress." Thus, it appears that Plaintiff's claim as to his property is governed by the three-year statute of limitations and Plaintiff's claim as to his personal injury is governed by the one-year statute of limitations.

The Jacksons executed the Note and Deed of Trust on September 7, 2005, and Plaintiff did not file this action until October 19, 2012. The statutes of limitations may be tolled in circumstances of fraudulent concealment; in such situations, the running of the statute of limitations begins with the time of discovery of the fraud. *Howell v. Davis*, 306 S.W.2d 9, 12-13 (Tenn. Ct. App. 1957). While Plaintiff's Complaint generally references "concealments," his Response to the instant Motion for Summary Judgment neither responds to Wells Fargo and MERS' argument that his fraud and

misrepresentation claims are barred by the statutes of limitations nor asserts that fraudulent concealment would toll the statutes of limitations such that his claims are not time-barred.

Further, Plaintiff's Complaint only vaguely references that the "concealed" information pertains to "sales and assignments of the Note, transfers of the Note, and charges with the intent to defraud Plaintiff." (Compl. ¶ 32). The Note itself advised Plaintiff on September 7, 2005 that it may be transferred. (Weatherly Aff. ¶ 4; Note at 1). The Deed of Trust advised Plaintiff on September 7, 2005 that it may be sold and references that it may be assigned by stating that MERS acts as nominee for "Lender and Lender's successors and assigns." (Deed of Trust at 2-3). It is entirely unclear what "charges" Plaintiff contends were concealed, but the Deed of Trust advised Plaintiff on September 7, 2005 of the applicable charges "for services performed in connection with Borrower's default" as well as the remedy of foreclosure. (Deed of Trust ¶¶ 14, 22). Accordingly, it is recommended that Plaintiff's claims for fraud and misrepresentation are time-barred by Tennessee Code Annotated Sections 28-3-104 and 28-3-105 and that Wells Fargo and MERS' Motion for Summary Judgment as to Plaintiff's claims for fraud and misrepresentation be GRANTED.

### iii. Wrongful Foreclosure

Next, Plaintiff asserts claims of "wrongful foreclosure" against Wells Fargo and MERS. (Compl. ¶¶ 39-45). As grounds for this claim, Plaintiff first alleges that MERS is not a beneficiary or trustee of the loan and that it has no right to collect any payments, enforce the Note, or be a party to any foreclosure proceedings. (Compl. ¶ 39). Plaintiff further alleges that Wells Fargo failed to

accept his check purporting to pay the principal balance of his mortgage. (Compl. ¶¶ 42-44).[9]

As discussed above, this Court has held that, "[w]hile there are not specific elements for wrongful foreclosure, Tennessee courts generally examine whether contractual or statutory requirements were met in the foreclosure of the property in question." *Mary Ringold v. Bank of America Home Loans*, No. 2:12-cv-02344-JPM-dkv, 2013 WL 145929, at *6 (W.D. Tenn. Apr. 9, 2013) (citing *Hutchens v. Bank of Am., N.A.*, No. 3:11-CV-624, 2012 WL 1618316, at *9-10 (E.D.Tenn. May 9, 2012); *Lee v. EquiFirst Corp.*, No. 3:10-cv-809, 2010 WL 4320714, at *10 (M.D.Tenn. Oct. 26, 2010)).

With respect to MERS, contrary to Plaintiff's allegations, there is no evidence in the record that MERS collected any payments, enforced the Note, or pursued foreclosure on the property. Instead, it is undisputed in the record that Wells Fargo has collected payments and pursued foreclosure. (Weatherly Aff. ¶¶ 7-10, 12-13; Notary Certificate and Check/EFT). Thus, it is recommended that there is no genuine issue of material fact as to Plaintiff's claim of wrongful foreclosure against MERS.

With respect to Wells Fargo, Plaintiff has only alleged that its failure to accept his form of payment constitutes wrongful foreclosure. However, Plaintiff has not argued that Wells Fargo had any contractual or statutory obligation, and the Court is aware of none, that requires Wells Fargo to accept a certain form of payment, particularly under the undisputed circumstances regarding Plaintiff's form of payment, with the investigation that discovered other individuals attempting to utilize similar forms of payment from the account of Terry Wayne Green, and with the unorthodox

---

[9] Plaintiff raises his claims that Wells Fargo violated the EFTA within his allegations of wrongful foreclosure. The allegations under the EFTA have already been addressed in Section IV.B.i of this Report and Recommendation.

notations on the paper instrument. Accordingly, it is recommended that there is no genuine issue of material fact as to Plaintiff's claims of wrongful foreclosure against Wells Fargo, and it is further recommended that Wells Fargo and MERS' Motion for Summary Judgment as to Plaintiff's claims of wrongful foreclosure be GRANTED.

### iv. Slander of Title

Next, Plaintiff asserts a claim of slander of title against all Defendants, including Wells Fargo and MERS. (Compl. ¶¶ 47-51). Plaintiff alleges that MERS "purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of Defendant WMC, wrongfully and without privilege, caused the Notice of Default to be recorded against the Subject Property" and "caused a Notice of Trustee's Sale to be recorded against the Subject Property." (Compl. ¶¶ 47-48). Plaintiff further alleges that all Defendants "wrongfully caused the recording of the Notice of Default, Notice of Trustee's Sale and Trustee's Deed upon Sale against the Subject Property," thereby slandering Plaintiff's title to the Subject Property and causing him to suffer general and special damages. (Compl. ¶¶ 49-50).

To establish a successful claim for slander of title, a plaintiff must prove as follows: (1) that he has an interest in the property; (2) that the defendant published false statements about the title to the property; (3) that the defendant was acting maliciously; and, (4) that the false statements proximately caused the plaintiff a pecuniary loss. *Brooks v. Lambert*, 15 S.W.3d 482 (Tenn. Ct. App. 1999). Plaintiff has not raised a genuine issue of material fact as to either the publication of false statements about the title or defendant's malice. First, the record does not contain any publications regarding the foreclosure. Wells Fargo and MERS have provided evidence that they notified the Jacksons that their mortgage had been sent to foreclosure counsel to proceed with

foreclosure, but there is no further evidence in the record regarding any publications that were a part of this process. Additionally, it is also undisputed in the record that Plaintiff did not satisfy his mortgage obligations and that foreclosure proceedings were initiated under the terms of the Deed of Trust. Thus, even if the record contained any publications regarding the foreclosure, Plaintiff has not established that a genuine issue of material fact exists either as to the falsity of such information or as to the malice of Wells Fargo and MERS' actions. Accordingly, it is recommended that no genuine issue of material fact exists as to Plaintiff's claim of slander of title and that Wells Fargo and MERS' Motion for Summary Judgment as to Plaintiff's claim of slander of title be GRANTED.

### v. "Unlawful Interference with Possessory Interest"

Next, Plaintiff asserts a claim titled "Action for Damages for Unlawful Interference with Possessory Interest." (Compl. ¶ 53-59). This claim contains various allegations, including as follows: (1) that the Note was never executed, or if it was executed, has been lost or intentionally destroyed, or paid in full, or assigned to a third party, such that the Foreclosing Defendants lack standing to initiate a foreclosure proceeding (Compl. ¶ 53); (2) that "none of the alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure" (Compl. ¶ 54); and, (3) that the Foreclosing Defendants "materially altered a contract without the knowledge or consent of the Plaintiff . . . rendering the transaction illegal." (Compl. ¶ 55).

Plaintiff cites no authority, and the Court is aware of none, in which Tennessee law recognizes a cause of action for "unlawful interference with possessory interest." Tennessee law recognizes a statutory action for inducement or procurement of a breach of contract under Tennessee Code Annotated Section 47-50-109 and a common law claim for tortious interference with contract.

*Cambio Health Solutions, LLC v. Thomas M. Reardon*, Nos. 04-6485, 05-5041, 2007 WL 627834 (6th Cir. Feb. 27, 2007) (citations omitted). Section 47-50-109 provides as follows: "It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto. . . ." Tenn. Code Ann. § 47-50-109. The common law claim for tortious interference with contract requires as follows: (1) a legal contract; (2) Defendants' knowledge of the contract; (3) an intention to induce its breach; (4) malice; (5) breach of the contract; (6) proximate cause of the breach; and, (7) damages resulting from the breach. *Hawkins v. Hart*, 86 S.W.3d 522, 530 (Tenn. Ct. App. 2001).

While Plaintiff conclusorily alleges in his Complaint that the Note was not executed, destroyed, paid, or altered, there is no genuine issue of material fact in the record as to any of these allegations. The record is undisputed that Plaintiff executed the Note on September 7, 2005. The record is also undisputed that, while Plaintiff purported to pay the principal balance on the Note with a check from the account of Terry Wayne Green, that this form of payment was not accepted by Wells Fargo. There is no evidence in the record of the destruction or alteration of the Note.

As to Plaintiff's summary allegation that the parties have failed to maintain the "original note," it is not clear what cause of action Plaintiff intends to raise with this allegation; however, Tennessee law does not require a defendant to maintain or produce to a plaintiff the original note or deed of trust. Tenn. Code Ann. § 24-7-119(a) (providing that an "original may be destroyed in the regular course of business" if a recording, copy, or reproduction that "accurately reproduces or forms a durable medium for so reproducing the original" is maintained, unless "preservation is required by law."). Accordingly, it is recommended that no genuine issue of material fact exists as to Plaintiff's claim for "unlawful interference with possessory interest" and that Wells Fargo and

MERS' Motion for Summary Judgment as to Plaintiff's claim for "unlawful interference with possessory interest" be GRANTED.

### vi. Other Claims

Finally, Plaintiff's Complaint contains claims entitled "conflict of interest," "changing of the state of the negotiable instrument," "federal reserve notes are not money by law," and "lack of standing to commence foreclosure action." (Compl. ¶¶ 60-89). The Court has reviewed these portions of Plaintiff's Complaint, which consists of general discussions of the banking industry and conclusory references to provisions of the Uniform Commercial Code, and is unable to decipher any further causes of action stated by Plaintiff. Thus, it is recommended that the claims discussed above with respect to Wells Fargo and MERS' Motion for Summary Judgment constitute all of the claims raised in Plaintiff's Complaint.

## V. Conclusion

For the reasons set forth herein, it is recommended that Plaintiff's Motion for Leave to Amend Complaint (D.E. #16) be DENIED, Plaintiff's Motion for Leave to File Second Amended Complaint and Supplemental Complaint (D.E. #34) be DENIED, and Wells Fargo and MERS' Motion for Summary Judgment (D.E. #8) be GRANTED.

**DATED** this 18th day of September, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**