IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

OTIS JACKSON, JR.,

    Plaintiff,

v.                                                                 Case 2:12-cv-02914-JPM-cgc

WMC MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
ARNOLD M. WEISS; WILSON &
ASSOCIATES, PLLC; AMERICA'S
SERVICING COMPANY; and,
WELLS FARGO HOME MORTGAGE;

    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANT ARNOLD M. WEISS'S MOTION TO DISMISS

Before the Court is Defendant Arnold M. Weiss's ("Weiss") Motion to Dismiss (Docket Entry "D.E." #40), which was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #27). For the reasons set forth herein, it is recommended that the instant motion be GRANTED.

I. Background

On October 19, 2012, Plaintiff filed a pro se "Complaint to Restrict and Prohibit Foreclosure and Sale, Violation of EFT Act 15 USC § 1693, Violation of the UCC, Violation of the Consumer Protection Act, Violation of the FDCPA and for Damages and Demand for Trial"

1

("Complaint") ("D.E. #1"). Plaintiff's Complaint asserts claims of fraud and misrepresentation, wrongful foreclosure, slander of title, "unlawful interference with possessory interest," "conflict of interest," "lack of standing to commence foreclosure action," as well as claims titled "changing of the state of the negotiable instrument" and "federal reserve notes are not money by law." Plaintiff's Complaint requests injunctive and declaratory relief.

As to Weiss, Plaintiff alleges that he "is/was, Trustee and at all times herein mentioned organized and existed under the laws of Arkansas and its Headquarters based at 1521 Merrill Drive, Suite D-220, Little Rock, Arkansas a foreign entity transacting business in TENNESSEE STATE as ARNOLD M. WEISS." (Compl. ¶ 4). Plaintiff alleges that Weiss, as well as the other named Defendants, "are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein." (*Id*. ¶¶ 9-10).

Plaintiff alleges that Weiss and the other Defendants are violating, have violated, and "will in the future engage in conduct in direct violation of the EFTA, the UCC and the FDCA." (*Id*. ¶¶ 21-26). Plaintiff requests that this Court issue a "declaration of rights and duties of the parties," including with respect to the "trustees instituting foreclosure proceedings," but does not mention Weiss by name or allege any actions taken by Weiss that he claims are unlawful. (*Id*. ¶¶ 28-30). Plaintiff further makes allegations against "Defendants" or "Foreclosing Defendants" collectively of fraud and misrepresentation, wrongful foreclosure, slander of title, unlawful interference with possessory interest, conflict of interest, and lack of standing to commence foreclosure. (*Id*. ¶¶ 32-37, 45, 50-51, 53-59, 65, 67, 79-81). Plaintiff does not include any specific allegations against Weiss as to any of these claims.

On October 15, 2013, Weiss filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Weiss argues that Plaintiff's Complaint should be dismissed because he failed to allege any set of facts sufficient to establish a cause of action upon which relief may be granted. Local Rule 12.1 required Plaintiff to file a response to Weiss's Motion to Dismiss "within 28 days after the motion is served." Plaintiff failed to do so. On December 10, 2013, the Magistrate Judge ordered Plaintiff to show cause within fourteen days of the entry of that Order as to why the Court should not consider the Motion to Dismiss and enter a Report and Recommendation to the District Court that the Motion to Dismiss be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To date, Plaintiff has not responded either to Weiss's Motion to Dismiss or the Court's Order to Show Cause.

## II. Proposed Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair

notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed.

Appx. 836, 837 (6th Cir. 2003).

Upon review, Plaintiff's Complaint contains no factual allegations whatsoever against Weiss. Instead, Plaintiff's Complaint only identifies Weiss as a "Trustee." From the face of Plaintiff's Complaint, it is entirely unclear to the Court how Plaintiff contends that Weiss has acted unlawfully. Plaintiff's Complaint fails to put Weiss on notice of what the claims are against him and, more importantly, the grounds upon which they rest. As such, Plaintiff's Complaint cannot meet the pleading requirements of Rule 8(a), which requires a short and plain statement of the claim showing that the pleader is entitled to relief, or the plausibility standard of *Twombly*.

Plaintiff's failures to adequately plead causes of action against Weiss are even more apparent upon brief consideration of the statutes he cursorily alleges Weiss violated. The Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, creates a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems" and safeguards "individual consumer rights." 15 U.S.C. § 1693. Civil liability is prescribed under the EFTA under 15 U.S.C. § 1693m. An "electronic fund transfer" is defined as "any transfer of funds, *other than a transaction originated by a check, draft, or similar paper instrument*, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape . . ." 15 U.S.C. § 1693a(7) (emphasis added). One required element of a EFTA claim is that there was an unauthorized electronic fund transfer as defined by the Act. *See*, *e.g.*, *Jackie Bodley v. William Edmund Clark*, No. 11 Civ. 8955 (KBF), 2012 WL 30421775, at *4 (S.D.N.Y. July 23, 2012) (quoting *Fisher & Mandell, LLC v. Citibank, N.A.*, No. 09 Civ. 1160 (RJS), 2009 WL 1767621, at *3 (S.D.N.Y. June 22, 2009)). "Check and wire transfers are explicitly excluded from EFTA's definition of 'electronic fund transfers.'" *Id.*

Upon review, Plaintiff's Complaint alleges that he submitted what he refers to as an "EFT" to America's Servicing Company "via certified mail." (Compl. ¶ 42). While Plaintiff attempts to classify his payment as an EFT, it is clear that it was a paper instrument capable of being submitted through postal mail. Thus, in addition to the absence of any allegations as to Weiss, such paper transfers are not governed by the EFTA

Section 1692d of the Fair Debt Collection Practices Act provides as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language the natural consequences of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging a person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. A "debt collector" is defined in 15 U.S.C. Section 1692a(6) and does not include "any officer or employee of a creditor while, in the name of the creditor, [is] collecting

debts for such creditor." 15 U.S.C. § 1692a(6)(A). Otherwise stated, the term "'debt collector' does not include a creditor attempting to collect its own debts. Instead, the FDCPA applies only to those 'collecting the debts of another.'" *Martin Famatiga v. Mortgage Electronic Registration Systems, Inc. (MERS)*, No. 10-10937, 2011 WL 3320480, at *9 (E.D.Mich. Aug. 2, 2011) (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003)).

Plaintiff's Complaint does not specify which particular Defendants are alleged to have made threatening phone calls or sent threatening letters, nor does it provide any information about these allegedly threatening communications. Such "[t]hreadbare recitals . . . supported by mere conclusory statements" against unspecified Defendants are insufficient under *Twombly* and *Iqbal* to survive Weiss's Motion to Dismiss. Further, Plaintiff fails to allege who he contends made these threatening phone calls or sent these threatening letters, which is necessary to plead that they were made by a "debt collector" as defined by the FDCPA. *See*, e.g., *Steven Robbins v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-295, 2009 WL 3757443, at *5 (W.D.Mich. Nov. 9, 2009) (concluding that plaintiff failed to state an FDCPA claim by failing to allege that the defendant was a "debt collector" under 15 U.S.C. § 1692a and by failing to allege that the defendant engaged in any activities that define a debt collector).

As to the Uniform Commercial Code, Plaintiff does not cite any provision that he believes Weiss violated. While pro se litigants are held to a less stringent standard than represented parties, they are still required to comply with the basic pleading requirements of the Federal Rules of Civil Procedure, and the Court is not required to create a pro se plaintiff's claims for him. Cursorily stating that a party violated the Uniform Commercial Code is wholly insufficient to put Weiss on notice of the claims against him.

**III. Conclusion**

7

For the foregoing reasons, it is recommended that Weiss's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) be GRANTED.

Signed this 29th day of January, 2014.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**