IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

OTIS JACKSON, JR.,

    **Plaintiff,**

v.                                             Case 2:12-cv-02914-JPM-cgc

WMC MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.;
ARNOLD M. WEISS; WILSON &
ASSOCIATES, PLLC; AMERICA'S
SERVICING COMPANY; and,
WELLS FARGO HOME MORTGAGE;

    **Defendants.**

**REPORT AND RECOMMENDATION ON DEFENDANT WMC MORTGAGE, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant WMC Mortgage, LLC's ("WMC")[1] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Docket Entry "D.E." #41). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #27). For the reasons set forth herein, it is recommended that WMC's Motion to Dismiss be GRANTED.

---

[1] WMC states that it is the successor in interest to WMC Mortgage Corporation and was improperly named by Plaintiff as WMC Mortgage Corporation.

1

**I. Background**

On October 19, 2012, Plaintiff filed a pro se "Complaint to Restrict and Prohibit Foreclosure and Sale, Violation of EFT Act 15 USC § 1693, Violation of the UCC, Violation of the Consumer Protection Act, Violation of the FDCPA and for Damages and Demand for Trial" ("Complaint") against the instant Defendant as well as "John Does 1-20."[2] Plaintiff asserts that WMC "is/was, and at all times herein mentioned organized and existed under the laws of California and its Headquarters based in Los Angles [sic], California, a foreign entity transacting business in TENNESSEE STATE as WMC MORTGAGE CORP." (Compl. ¶ 2). Plaintiff alleges that he "executed a Deed of Trust to Mortgage Electronic Registration System, Inc. for the benefit of WMC" in the amount of $459,000, which was "filed on September 22, 2005, and recorded with the Shelby county register of Deeds as instrument No. 05156494." (Compl. ¶¶ 1, 14). Although the precise details are not clear from Plaintiff's Complaint, it appears to the Court that Plaintiff's property has been foreclosed upon and that Plaintiff's assertions that the foreclosure was unlawful serve as the basis for his claims.

Plaintiff's Complaint asserts claims of fraud and misrepresentation, wrongful foreclosure, slander of title, "unlawful interference with possessory interest," "conflict of interest," "lack of standing to commence foreclosure action," as well as claims titled "changing of the state of the negotiable instrument" and "federal reserve notes are not money by law." Plaintiff's Complaint requests injunctive and declaratory relief. With the exception of certain references to specific

---

[2] The District Court's January 29, 2013 Order advised Defendant that "[s]ervice of process cannot be made on a fictitious party" and that, "if Plaintiff seeks to sue any other individual or entity, he must identify the defendant and seek leave to amend his complaint within the applicable statute of limitations." (January 29, 2013 Order at n.2).

Defendants, Plaintiff's claims are against all Defendants, who he collectively refers to as the "Foreclosing Defendants." (Compl. ¶ 9).

On October 18, 2013, WMC filed the instant Motion, a Memorandum in Support (D.E. #42), a Concise Statement of Facts in Support of WMC's Motion, and additional exhibits thereto (D.E. #43). Local Rule 12.1 required Plaintiff to file a response to instant Motion "within 28 days after the motion is served." Plaintiff failed to do so. On December 10, 2013, the Magistrate Judge ordered Plaintiff to show cause within fourteen days of the entry of that Order as to why the Magistrate Judge should not consider WMC's Motion and enter a Report and Recommendation to the District Court that it be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To date, Plaintiff has not responded either to WMC's Motion or the Court's Order to Show Cause.

**II. Analysis**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir.

2003).

### A. *Fraud and Misrepresentation*

First, Plaintiff asserts that the "Foreclosing Defendants" committed fraud and misrepresentation. (Compl. ¶¶ 32-37). Specifically, Plaintiff alleges that the "Foreclosing Defendants . . . concealed material facts known to them but not to Plaintiff regarding sales and assignments of the Note, transfers of the Note, and charges with intent to defraud Plaintiff." (Compl. ¶ 32). Plaintiff alleges that they "made false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiff's reliance thereon, which the unsuspecting Plaintiff justifiably relied upon, resulting in general and special damages as well as mental distress." (Compl. ¶ 33). Plaintiff alleges that the fraudulent conduct resulted in him being "unaware of the true facts," which, if he had known such information, he "would not have maintained the Foreclosing Defendants as [his] lender, servicer and trustee . . . and/or would have taken legal action immediately to save his home." (Compl. ¶ 34).

Plaintiff's Complaint contains no allegations as to how he claims WMC committed fraud or misrepresentation. Instead, this count consists of bare assertions of legal conclusions with no factual support sufficient to state a plausible claim that Plaintiff is entitled to relief as required by *Twombly*. The shortcomings in Plaintiff's claim for fraud is particularly lacking given that such a claim must be plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. Absent any mention of any conduct on the part of WMC that Plaintiff alleges would constitute fraud and misrepresentation, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted against WMC. Accordingly, it is recommended that Plaintiff's claim for fraud and

misrepresentation against WMC be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. *Wrongful Foreclosure*

Next, Plaintiff alleges a claim of wrongful foreclosure. (Compl. ¶¶ 38-45). Plaintiff's allegations pertain solely to Defendants MERS and American Servicing;[3] however, Plaintiff summarily states that "Foreclosing Defendants . . . engaged in a fraudulent foreclosure of the Subject Property in that the Defendants do not have the legal authority to foreclose on the Subject Property." (*Id*. ¶ 45). Absent any mention of any conduct on the part of WMC that Plaintiff alleges would constitute wrongful foreclosure, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted against WMC. Accordingly, it is recommended that Plaintiff's claim for wrongful foreclosure against WMC be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. *Slander of Title*

Next, Plaintiff alleges a claim of slander of title. (Compl. ¶¶ 46-51). The allegations in this claim all pertain to Defendant MERS. While Plaintiff refers to MERS as "purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of Defendant WMC," and while Plaintiff again states that this claim is against all Defendants, Plaintiff has not set forth any direct allegations of wrongdoing against WMC. Absent any mention of any conduct on the part of WMC that Plaintiff alleges would constitute wrongful foreclosure, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted against

---

[3] Defendants MERS and America's Servicing are no longer parties to the instant case, as the District Court has granted summary judgment on all claims against them. (D.E. #39).

WMC. Accordingly, it is recommended that Plaintiff's claim for slander of title against WMC be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### D. *Unlawful Interference with Possessory Interest*

Next, Plaintiff asserts a claim titled "Action for Damages for Unlawful Interference with Possessory Interest." (Compl. ¶ 53-59). This claim contains various allegations, including as follows: (1) that the Note was never executed, or if it was executed, has been lost or intentionally destroyed, or paid in full, or assigned to a third party, such that the Foreclosing Defendants lack standing to initiate a foreclosure proceeding (Compl. ¶ 53); (2) that "none of the alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure" (Compl. ¶ 54); and, (3) that the Foreclosing Defendants "materially altered a contract without the knowledge or consent of the Plaintiff . . . rendering the transaction illegal." (Compl. ¶ 55).

Plaintiff cites no authority, and the Court is aware of none, in which Tennessee law recognizes a cause of action for "unlawful interference with possessory interest." Tennessee law recognizes a statutory action for inducement or procurement of a breach of contract under Tennessee Code Annotated Section 47-50-109 and a common law claim for tortious interference with contract. *Cambio Health Solutions, LLC v. Thomas M. Reardon*, Nos. 04-6485, 05-5041, 2007 WL 627834 (6th Cir. Feb. 27, 2007) (citations omitted). Section 47-50-109 provides as follows: "It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto. . . ." Tenn. Code Ann. § 47-50-109. The common law claim for tortious interference with contract requires as follows: (1) a legal contract; (2) Defendants' knowledge of the contract; (3) an intention

7

to induce its breach; (4) malice; (5) breach of the contract; (6) proximate cause of the breach; and, (7) damages resulting from the breach. *Hawkins v. Hart*, 86 S.W.3d 522, 530 (Tenn. Ct. App. 2001).

As with Plaintiff's other claims, he fails to mention WMC in any of his allegations in this claim. Absent any allegations against WMC, it is recommended that Plaintiff has failed to state a claim upon which relief may be granted against WMC. Accordingly, it is recommended that Plaintiff's claim for "unlawful interference with possessory interest" against WMC be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### E. Other Claims

Finally, Plaintiff's Complaint contains claims entitled "conflict of interest," "changing of the state of the negotiable instrument," "federal reserve notes are not money by law," and "lack of standing to commence foreclosure action." (Compl. ¶¶ 60-89). The Court has reviewed these portions of Plaintiff's Complaint, which consists of general discussions of the banking industry and conclusory references to provisions of the Uniform Commercial Code, and is unable to decipher any further causes of action stated by Plaintiff. Thus, it is recommended that the claims discussed above constitute all of the claims raised in Plaintiff's Complaint.

## III. Conclusion

For the reasons set forth herein, it is recommended that WMC's Motion to Dismiss (D.E. #41) be GRANTED.[4]

---

[4] As it is recommended that WMC's Motion to Dismiss be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, it is further recommended that it is not necessary to proceed to Plaintiff's alternative Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**DATED** this 5th day of February, 2014.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**